**KENT WEBSTER, Plaintiff**

v.

**TRESS–ANN AUTO SALES, Defendant**

Civil No. 743-1971

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

December 14, 1971

VERNE A. HODGE, ESQ., *for the plaintiff*

JOHN R. MAYER, ESQ., *for the defendant*

HOFFMAN, *Judge*

### MEMORANDUM OPINION AND JUDGMENT

This matter came on to be heard on November 3, 1971. Verne A. Hodge, Esq., represented the plaintiff and John R. Mayer, Esq., represented the defendant. Initially the plaintiff sought rescission; later he requested to amend his complaint to ask for damages. The Court, however, is unable to award the plaintiff relief under either theory. The Findings of the Court and the Conclusions of Law will appear from the following memorandum decision and will control.

In May of 1970 the plaintiff purchased a new 1970 Plymouth Barracuda from the defendant for $5,160.00. The vehicle had a warranty which was good for 12 months or 12,000 miles, whichever came first. Sometime within the first few weeks of purchase the plaintiff noticed a noise emanating from the front wheels and discovered the brakes to be defective. He therefore took the car back to the defendant for repairs pursuant to the warranty. After redelivery to the plaintiff he again found the brakes to be in faulty condition. As a result the plaintiff caused the vehicle to be returned several times for repair, each time without improvement. The plaintiff also attempted to have the car repaired by defendant after the warranty had expired. To date the brakes remain in faulty operating condition and the plaintiff testified that he drove the car at great peril. Nevertheless the plaintiff has driven the car in excess of 26,000 miles.

After a careful review of these facts the Court concludes that rescission must be denied. Aside from the fact that the plaintiff has neglected to tender or make an effort

to return the vehicle, the plaintiff's actions with respect to the vehicle have caused the vehicle to be substantially changed. The depreciation which plaintiff has caused the vehicle to suffer is in no way related to the brake defect. In short the plaintiff has driven the car for 26,000 miles and cannot now be allowed to rescind.

At the close of the plaintiff's case he requested that he be allowed leave to amend his prayer for relief. Plaintiff later submitted a memorandum in support of his motion to amend and to request damages. The purpose of an amendment under Rule 15(b), F.R.Civ.P., to conform to the proof, however, is to bring the pleadings in line with the actual issues upon which the case was tried. In the instant case the plaintiff offered no proof of damages and it cannot be said that damages was an issue. The Court therefore must deny plaintiff's request for an amendment.

Accordingly plaintiff's complaint is dismissed and the case is dismissed without Court Costs or Attorney Fees for either party.